UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jenny R. Vanhannegeyn,<br>Plaintiff,<br><br>v.<br><br>Southwood Realty Company,<br>Defendant. | CASE NO.: _____<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* and the US Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621-634.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on the basis of age discrimination and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from EEOC on or about June 11, 2024.

   c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Jenny R. Vanhannegeyn, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, Southwood Realty Company, upon information and belief, is a foreign corporation organized in the State of North Carolina and operating under the laws of the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about May 1, 2023, the Plaintiff began working for the Defendant as a Leasing Agent. At all times, Plaintiff was effective and efficient in her employment.

11. The Plaintiff was forty-three (43) years old at the time of the events and was an older employee as defined by the ADEA of 1967, as amended, 29 U.S.C. §630.

12. The Plaintiff was subjected to discrimination and harassment when a new much younger leasing agent was hired, and the new, much younger leasing agent was given training, while the Plaintiff was never given training.

13. The Property Manager at another location, Mandy Linder (under the age of 40), stated to Plaintiff, "Wow! Look at you at your age changing careers and starting over." Another Property Manager, Melissa Gilliland (also under 40), stated to Plaintiff, "Come on! Can't you keep up? Older folks have a harder time grasping new technology."

14. Several other discriminatory remarks were made on a daily basis by Plaintiff's younger co-workers and supervisors.

15. The Plaintiff reported the discrimination and inappropriate comments to Human Resources, Jamie Stowe. The Defendant then continued to harass and began to retaliate against the Plaintiff due to her age and report of discrimination/harassment. Ms. Gilliland then instructed another Property Manager, Erika, to put Plaintiff's younger co-workers' names on the commission that Plaintiff earned and not to credit the Plaintiff for the commissions.

16. The Plaintiff reported this to Ms. Stowe, but nothing was done, and Plaintiff's earned commissions continued to be given to Plaintiff's younger co-workers.

17. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of discrimination and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

18. Plaintiff continued to report the discrimination to Ms. Stowe, but Plaintiff was then terminated on or about August 1, 2023, for her reports of discrimination, harassment, and failure to pay her commission. The Plaintiff was replaced by a younger woman, who was given training.

19. To date Plaintiff still has not received payment for her commission.

## FOR A FIRST CAUSE OF ACTION
**Violation of Age Discrimination in Employment Act**

20. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

21. Plaintiff was a member of a protected group on the basis of her age. Plaintiff was an employee for a position that she was qualified for and was an individual over forty (40) years old. Plaintiff was retaliated against discharged from her position due to her age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

22. Defendant was wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to promote or continue to employ Plaintiff due to her age;

   b. In retaliating against Plaintiff by terminating and showing disparate treatment against Plaintiff; and

   c. By Defendant hiring, training, and replacing the Plaintiff with a younger individual with less experience.

23. Defendant violated ADEA of 1967, as amended, 29 U.S.C. §630 by allowing the discrimination to exist in the workplace.

24. Plaintiff's age was a determining factor in the retaliation, disparate treatment and termination of the Plaintiff. But for the Plaintiff's age, she would not have been terminated.

25. As a direct and proximate result of the acts and practices of Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from loss of income, loss of benefits, other past and future losses, and attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
**Violation of Age Discrimination in Employment Act - Retaliation**

26. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

27. That as alleged above, Plaintiff complained to the Defendant on several occasions about age discrimination.

3

28. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

29. That shortly after making said complaints, the Defendant demoted and terminated the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

30. The Defendant's stated reason for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

31. The Plaintiff's reports of age discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff.  But for Plaintiff's reports of age discrimination, she would not have been terminated.

32. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

33. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

34. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

35. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

36. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, commissions, expenses associated with finding other work, and has suffered emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and further seeks attorney's fees and costs and prejudgment interest.

37. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to have her lost wage amount doubled against the Defendant.

### FOR A THIRD CAUSE OF ACTION
**Violation of South Carolina Payment of Wages Act**

38. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

39. The Defendant wrongfully withheld the Plaintiff's wages, and the Defendant should be required to pay the Plaintiff for all wages owed to her, plus interest.

40. The Plaintiff is entitled to an award of damages against the Defendant in an amount to be determined by the trier of fact, also because the damages relate to wages owed to her, the Plaintiff is entitled to treble damages pursuant to the South Carolina Payment of Wages Act, South Carolina Code of Laws Sec. 41-10-80, 1976, as amended, plus attorney fees and costs.

## FOR A FOURTH CAUSE OF ACTION
### Violation Of Fair Labor Standards Act

41. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

42. The Plaintiff was working for the Defendant and accrued earned wages and commissions. The Defendant has failed and continues to fail to pay the wages owed to the Plaintiff in violation of the Fair Labor Standards Act of 1938 (FLSA).

43. The Plaintiff is informed and believes that the Defendant was unjustly enriched in maintaining wages which rightfully belong to the Plaintiff pursuant to the FLSA.

44. As a direct and proximate result of the acts, omissions, and practices of the Defendant, the Plaintiff sustained a loss of income and wages.

45. The Plaintiff was also terminated in retaliation for complaining about not getting paid her wages, in violation of the anti-retaliation provisions in the Fair Labor Standards Act.

46. As a direct and proximate result of the acts and practices of the Defendant, the Plaintiff is informed and believes she is entitled to an award of damages, liquidated damages, treble damages, prejudgment interest, costs, legal fees, and any other damages to which she may be entitled as determined by the trier of fact.

## REQUEST FOR RELIEF

47. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

48. Due to the acts of the Defendant, Plaintiff suffered disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

49. That by reason of such wrongful acts of the Defendant, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by said damages to be doubled;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact said amount to be doubled; and

5. Judgment against Defendant, in such an amount of attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. ID# 13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
August 28, 2024